**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER ELIZABETH DIAZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 15-71114<br><br>Agency No. A076-359-558<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Jennifer Elizabeth Diaz-Martinez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo due process contentions, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Diaz-Martinez's contentions as to the agency's finding that she was convicted of a particularly serious crime because she did not exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We therefore dismiss the petition as to Diaz-Martinez's asylum and withholding of removal claims.

Similarly, we lack jurisdiction to consider Diaz-Martinez's ineffective assistance of counsel claim because she did not exhaust it in the form of a motion to reopen before the BIA. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."); *Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (acknowledging a motion to reopen is not a remedy as of right, and requiring administrative exhaustion of an ineffective assistance of counsel claim).

Finally, substantial evidence supports the agency's denial of Diaz-Martinez's CAT claim because she failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico.   *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.